**LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.**
Valerie Palma DeLuisi, Esq.
1425 Broad Street, Second Floor
Clifton, New Jersey 07013
Phone: 973-471-1121
Facsimile: 973-472-0032
VPD@PalmaLawFirm.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PBA LOCAL 183, STEVEN SALVATORIELLO, CARMELO VINCI, MICHAEL TESEI and ROBERT SUTTON,<br>            Plaintiffs,<br><br>v.<br><br>COUNTY OF ESSEX,<br>            Defendant. | Civil Action No.:<br><br><br><br>**COMPLAINT & JURY DEMAND** |

PLAINTIFFS PBA LOCAL 183, STEVEN SALVATORIELLO, CARMELO VINCI, MICHAEL TESEI and ROBERT SUTTON, by way of Complaint against the County of Essex, do hereby state as follows:

### PARTIES

1. Plaintiff PBA Local 183 is the exclusive majority representative for approximately 350 Sheriff's Officers and Investigators below the rank of Sergeant employed by the County of Essex. PBA Local 183 is headquartered at 50 West Market Street, in the City of Newark, County of Essex, State of New Jersey.

2. Plaintiff Steven Salvatoriello, residing at 87 Overlook Road, in the Township of Cedar Grove, County of Essex, State of New Jersey, at all times relevant herein was and is employed by the County of Essex as a Sergeant in the Essex County Sheriff's Department, assigned to the K-9 Unit.

3.       Plaintiff Carmelo Vinci, residing at 703 Belleville Avenue, in the Township of Belleville, County of Essex, State of New Jersey, at all times relevant herein, was and is employed by the County of Essex as a Detective in the Essex County Sheriff's Department, assigned to the K-9 Unit.  Carmelo Vinci is also the K-9 Unit's Certified Trainer.

4.       Plaintiff Michael Tesei, residing at 44 Brian Road, in the Township of West Caldwell, County of Essex, State of New Jersey, at all times relevant herein, was and is employed by the County of Essex as a Detective in the Essex County Sheriff's Department, assigned to the K-9 Unit.

5.       Plaintiff Robert Sutton, residing at 52 Seaman Road, in the Township of West Orange, County of Essex, State of New Jersey, at all times relevant herein, was and is employed by the County of Essex as a Detective in the Essex County Sheriff's Department, assigned to the K-9 Unit.

6.       Defendant County of Essex is a governmental entity organized under the laws of the State of New Jersey, with its principal offices located at the Hall of Records, 465 Dr. Martin Luther King, Jr. Blvd., in the City of Newark, County of Essex, State of New Jersey.

## JURISDICTION

7.       United States District Court for the District of New Jersey has original subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.

8.       United States District Court for the District of New Jersey has supplemental jurisdiction over New Jersey State Law claims that form part of within case and controversy, pursuant to 28 U.S.C. § 1367.

## VENUE

9. Venue is properly vested in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, as all Plaintiffs and the defendant reside or are headquartered in the State of New Jersey, and the claims herein arose within the jurisdictional limits of the United States District Court for the District of New Jersey.

## FACTUAL BACKGROUND

10. For the statutorily relevant time period, Plaintiffs Vinci, Tesei and Sutton were employed by Defendant County of Essex as Detectives in the Essex County Sheriff's Department, assigned as Handlers to the K-9 Unit.

11. For the statutorily relevant time period, Plaintiff Salvatoriello was employed by Defendant County of Essex as a Sergeant in the Essex County Sheriff's Department, assigned as a Handler to the K-9 Unit.

12. Canine members of the K-9 Unit serve and protect the public as highly trained, integral members of the Essex County Sheriff's Department.

13. In accordance with established practice of the Essex County Sheriff's Department K-9 Unit, Plaintiffs Salvatoriello, Vinci, Tesei and Sutton personally adopted their canine partners and have their canine partners reside in their homes, with each Plaintiff being responsible for, *inter alia*, walking, feeding, grooming, cleaning, bonding, exercise, health inspections and cleaning up after their canine partner(s), 365 days per year.

14. Defendant is and has been fully aware of the obligation to pay overtime to K-9 Unit Handlers for care and maintenance of their of canine partners, as Courts have deemed said care and maintenance to be reasonably related to the principal activity of K-9 Unit Handlers.

15. Despite Defendant's knowledge, Plaintiffs have never received overtime compensation for time spent caring for and maintaining their canine partners while they are off duty.

16. As a result of Defendant's actions, Plaintiffs have suffered and continue to suffer severe and substantial monetary damages.

17. In addition to the above, once members of the Essex County Sheriff's Department K-9 Unit began exercising their rights under the FLSA, Essex County Sheriff Armando B. Fontoura began engaging in acts of retaliation against Plaintiffs individually, as well as the K-9 Unit as a whole. There exists a causal connection between the protected acts of the plaintiffs and the retaliatory actions of Essex County Sheriff Armando B. Fontoura.

18. These retaliatory acts by Essex County Sheriff Armando B. Fontoura include, *inter alia*, refusal by Essex County Sheriff Armando B. Fontoura to replace an inoperable agility course at the K-9 Unit Headquarters, which is required for proper training of canines in the Unit and also mandated to be functional by the Attorney General Mandatory Guidelines; refusal by Essex County Sheriff Armando B. Fontoura to allow K-9 Handlers to attend training with an outside agency, refusal by Essex County Sheriff Armando B. Fontoura to allow retirement of uncertified canines and adoption of new canines; General Order by Essex County Sheriff Armando B. Fontoura that Handlers leave their canine partners at the K-9 Unit Headquarters at all times they are not on duty; verbal order of Essex County Sheriff Armando B. Fontoura directing Handlers to transport their canine partners to and from work in personal vehicles, rather than specially designed County-issued vehicles which contain numerous safety features for the canine and the Handler; threats by Essex County Sheriff Armando B. Fontoura to close the K-9 Unit if the within Plaintiffs proceeded with the instant litigation.

19. As a result of the retaliation suffered by Plaintiffs at the hands of Defendant's agents, including but not limited to Essex County Sheriff Armando B. Fontoura, Plaintiffs have suffered and continue to suffer severe and substantial monetary damages.

20. Further, Defendant willfully and continuously violates the Attorney General K-9 Training Standards and Qualification Guidelines for New Jersey Law Enforcement, by refusing to allow training in accordance with these standards.

21. Defendant's refusal to allow training in accordance with the Attorney General K-9 Training Standards and Qualification Guidelines for New Jersey Law Enforcement has placed, and continues to place, the general public, the K-9 Unit's canines and the K-9 Unit Handlers at significant safety risk.

22. Defendant's refusal to allow training in accordance with the Attorney General K-9 Training Standards and Qualification Guidelines for New Jersey Law Enforcement has caused and continues to cause Plaintiffs to suffer severe and substantial monetary damages, as well as public humiliation and loss of reputation.

**COUNT ONE**
**VIOLATION of FAIR LABOR STANDARDS ACT ("FLSA")**
**(29 U.S.C. § 201, *et seq.*)**

23. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs of this Complaint, as if set forth herein at length.

24. Defendant County of Essex is an employer, as defined by the FLSA, in accordance with 29 U.S.C. § 203, and as a public agency within the meaning of 29 U.S.C. § 203.

25. At all times relevant herein, Plaintiffs Salvatoriello, Vinci, Tesei and Sutton are and were entitled to all rights, benefits and protections afforded by the FLSA.

26. At all times relevant herein, Defendant was and is fully aware of the provisions and requirements of the FLSA.

27. During the applicable statutory period, Plaintiffs Salvatoriello, Vinci, Tesei and Sutton performed work for which they were not compensated in accordance with the FLSA. Particularly, Plaintiffs worked in excess of the statutory maximum number of hours provided for in the FLSA without receiving compensation for such excess hours at a rate of one and one-half times the regular hourly rate of their compensation.

28. Refusal by Defendant to compensate Plaintiffs Salvatoriello, Vinci, Tesei and Sutton in accordance with the FLSA is a violation of said statute, and Plaintiffs are accordingly entitled to relief.

29. Because Defendant is and at all times relevant herein was aware that Plaintiffs are entitled to overtime compensation for the care and maintenance of their canine partners, refusal by Defendant to compensate such overtime is a knowing, willful and/or reckless violation of the FLSA, which extends the applicable time for which Defendant is liable to Plaintiffs from two (2) years to three (3) years.

30. Defendant is liable to Plaintiffs for unpaid overtime compensation, liquidated damages in an equal amount to unpaid overtime compensation, for reasonable attorney's fees and for costs of this action.

**WHEREFORE**, Plaintiffs Salvatoriello, Vinci, Tesei and Sutton demand judgment against Defendant for violations of the Fair Labor Standards Act and for:

    i. Judgment declaring that Defendant has willfully, recklessly and knowingly violated its statutory and legal obligations and deprived Plaintiffs of their rights, protections and entitlements under Federal Law, as alleged herein;

    ii.    An Order for a complete and accurate accounting of all overtime compensation which Defendant has denied Plaintiffs;

    iii.    Monetary Damages for unpaid overtime compensation, liquidated damages in an equal amount to unpaid overtime compensation, prejudgment and post-judgment interest, reasonable attorney's fees and costs of this action; and

    iv.    Such other relief as this Honorable Court deems equitable and just.

## COUNT TWO
### (Bar to Continued Violation of FLSA)

31. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs of this Complaint, as if set forth herein at length.

32. Despite being fully aware of its obligations under the FLSA, Defendant has continued to knowingly, willfully and recklessly violate the FLSA.

33. The actions of Defendant have caused, and continue to cause, severe and substantial monetary damages, as well as nonmonetary damages, to members of the Essex County Sheriff's Department K-9 Unit.

**WHEREFORE**, Plaintiff PBA Local 183 demands judgment against Defendant for violations of the Fair Labor Standards Act and for:

    i.    Judgment declaring that Defendant has willfully, recklessly and knowingly violated its statutory and legal obligations and deprived members of the Essex County Sheriff's Department K-9 Unit of their rights, protections and entitlements under Federal Law, as alleged herein;

 ii. An Order compelling Defendant to immediately and permanently amend the compensation procedures of the Essex County Sheriff's Department K-9 Unit, in compliance with the FLSA;

 iii. For reasonable attorney's fees and costs of suit; and

 iv. For such other relief as this Honorable Court deems equitable and just.

## COUNT THREE
## VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA
## (29 U.S.C. § 215(a)(3))

34. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs of this Complaint, as if set forth herein at length.

35. The retaliatory acts committed by Essex County Sheriff Armando B. Fontoura and other upper management agents of the County of Essex against Plaintiffs and the Essex County Sheriff's Department K-9 Unit as a whole constitute violations of the anti-retaliation provision of the FLSA, specifically set forth in 29 U.S.C. § 215(a)(3).

36. No legitimate, non-discriminatory reason exists for Defendant's adverse employment actions taken against Plaintiffs individually, as well as against the Essex County Sheriff's Department K-9 Unit as a whole.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for the following relief:

 i. Compensatory Damages, together with interest thereon;

 ii. Additional consequential and incidental damages, in a sum to be determined at trial, together with interest thereon;

 iii. An award of Compensatory Damages for pain and suffering;

 iv. An award of Punitive Damages;

    v.      An award of attorney's fees and costs of suit incurred by Plaintiffs; and

    vi.     Any such other relief that this Honorable Court deems equitable and just.

## COUNT FOUR
### VIOLATION of CONSCIENTIOUS EMPLOYEE PROTECTION ACT
### N.J.S.A. 34:19-1, *et. seq.*

37.    Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs of this Complaint, as if set forth herein at length.

38.    Upper management members of Defendant County of Essex, including but not limited to Essex County Sheriff Armando B. Fontoura committed acts of retaliation against Plaintiffs, as well as the Essex County Sheriff's Department K-9 Unit as a whole.

39.    These acts of retaliation were committed as a direct result of Plaintiffs exercising their rights under the FLSA.  As Plaintiffs' employer, Defendant and upper management agents thereof, violated the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.*

40.    As a result of Defendant's wrongful conduct, Plaintiffs have suffered, and continue to suffer, severe and significant monetary damage.  Plaintiffs, as well as all members of the Essex County Sheriff's Department K-9 Unit, have suffered severe and substantial monetary damages, as well as public humiliation and loss of reputation, due to the hostile work environment created by Essex County Sheriff Armando B. Fontoura.  Moreover, Plaintiffs have been compelled to file the within litigation to vindicate their rights.  Additionally, Plaintiffs have been otherwise injured.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for the following relief:

    vii.    Compensatory Damages, together with interest thereon;

    viii.   Additional consequential and incidental damages, in a sum to be determined at trial, together with interest thereon;

    ix.    An award of Compensatory Damages for pain and suffering;

    x.    An award of Punitive Damages;

    xi.    An award of attorney's fees and costs of suit incurred by Plaintiffs; and

    xii.    Any such other relief that this Honorable Court deems equitable and just.

## COUNT FIVE
### VIOLATION OF ATTORNEY GENERAL K-9 TRAINING STANDARDS AND QUALIFICATION REQUIREMENTS FOR NEW JERSEY LAW ENFORCEMENT

41. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs of this Complaint, as it set forth herein at length.

42. Defendant is required, under the Attorney General K-9 Training Standards and Qualification Requirements for New Jersey Law Enforcement, to conduct training, maintain a training course and maintain records, in accordance with the Attorney General mandates.

43. Defendant has refused, and continues to refuse, to adhere to the requirements of the Attorney General K-9 Training Standards and Qualification Requirements for New Jersey Law Enforcement.

44. Defendant's refusal to adhere to the Attorney General K-9 Training Standards and Qualification Requirements for New Jersey Law Enforcement has created, and continues to create, a significant and unjustifiable public safety risk, as well as a significant and unjustifiable safety risk to the canines and Handlers assigned to the Essex County Sheriff's Department K-9 Unit.

45. Defendant's refusal to adhere to the Attorney General K-9 Training Standards and Qualification Requirements for New Jersey Law Enforcement have caused Plaintiffs to suffer severe and significant monetary damage, as well as public humiliation and loss of reputation.

Moreover, Plaintiffs have been compelled to file the within litigation to vindicate their rights. Additionally, Plaintiffs have been otherwise injured.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for the following relief:

i. Judgment declaring that Defendant has willfully, recklessly and knowingly violated the Attorney General K-9 Training Standards and Qualification Requirements for New Jersey Law Enforcement; and for

ii. An Order compelling Defendant to immediately and permanently adhere to the Attorney General K-9 Training Standards and Qualification Requirements for New Jersey Law Enforcement; and for

iii. Compensatory Damages, together with interest thereon;

iv. Additional consequential and incidental damages, in a sum to be determined at trial, together with interest thereon;

v. An award of Compensatory Damages for pain and suffering;

vi. An award of Punitive Damages;

vii. An award of attorney's fees and costs of suit incurred by Plaintiffs; and

viii. Any such other relief that this Honorable Court deems equitable and just.

## **DUTY TO PRESERVE**

All applicable employment, training and work records that comprise the subject of this lawsuit are in the exclusive possession, custody and control of Defendant.  Defendant is hereby notified of the duty imposed by 29 U.S.C. § 211(c) to maintain and preserve payroll, training and other employment records with respect to the Essex County Sheriff's Department K-9 Unit, so that the sum of Defendant's liability may be ascertained.

## DESIGNATION OF TRIAL COUNSEL

VALERIE PALMA DELUISI, ESQ. is hereby designated as trial counsel for Plaintiffs.

## TRIAL BY JURY

Plaintiffs hereby request trial by jury as to all matters so triable.

## CERTIFICATION

At present, two other members of the Essex County Sheriff's Department K-9 Unit, as well as Plaintiff PBA Local 183, are engaged in litigation against Defendant County of Essex, for *inter alia*, Defendant's violations of the FLSA, as well as Defendant's violation of the Attorney General K-9 Training Standards and Qualification Requirements for New Jersey Law Enforcement. That case, titled <u>PBA Local 183, Dolores M. Paladino and Marisol Pagan v. County of Essex</u>, Civil Action No: 2:17-cv-06962-SRC-CLW, is still in the discovery phase. Moreover, a Motion for Leave to File an Amended Complaint is forthcoming in that litigation, to include counts for retaliation by Defendant against Plaintiffs (for the same acts of retaliation listed in the instant Complaint). Plaintiffs have no objection to these two cases being consolidated.

                          Respectfully Submitted,
                          **LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.,**
                          *Attorneys for Plaintiffs*

Dated: June 2, 2019        By: s/*Valerie Palma DeLuisi*
                                    Valerie Palma DeLuisi, Esq.